IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CHRISTOPHER LEE BARNES,	No. 2:14-cv-00363-HZ

          Plaintiff,

          v.	OPINION & ORDER

J. CASILLAS; A. ARNOLD; E. CARBAJAL;
S. BANKS,

          Defendants.

Christopher Lee Barnes,
777 Stanton Blvd.
Ontario, OR 97914-8335

    Pro Se Plaintiff

Ellen F. Rosenblum
Attorney General
Vanessa A. Nordyke
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff, Christopher Lee Barnes, an inmate at the Snake River Correctional Institution (SRCI), filed this civil rights action under 42 U.S.C. § 1983 claiming violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. Plaintiff's first claim alleges that Defendants, four members of SRCI's correctional staff, have assaulted him, and continue to do so, resulting in physical injury. Plaintiff's second claim alleges that these physical assaults are in retaliation for Plaintiff's ongoing desire to exercise his constitutional right to access the courts. Defendants move for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. I grant the motion.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing Celotex, 477 U.S. at 324).

2 - OPINION & ORDER

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

The Prison Litigation Reform Act (PLRA) states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Therefore, a prisoner must exhaust his grievances in the prison's grievance process before bringing an action under 42 U.S.C. § 1983, "as long as *some* action can be ordered in response to the complaint." Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005).

Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him. To assert a failure to exhaust as an affirmative defense in a summary judgment motion, a defendant "must produce evidence proving failure to exhaust." Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). The defendant is then entitled to summary judgment if undisputed

evidence demonstrates that the plaintiff failed to exhaust the administrative remedies available to him. Id.

In this case, Plaintiff admits that he has not filed *any* grievance with ODOC in relation to his claims. Compl. at 2. In addition, Defendants have provided undisputed evidence that administrative review of Plaintiff's allegations is available through ODOC's grievance review process, that Plaintiff is aware of ODOC's grievance system, and that Plaintiff has filed grievances in the past. Decl. of James A. Taylor at 2-4. Although Plaintiff alleges in his complaint that he did not file any grievances within ODOC's grievance review process because "[n]o other timely remedy [was] available," Compl. at 2, this allegation alone does not present "specific facts" showing a "genuine issue for trial," Fed. Trade Comm'n, 559 F.3d at 927-28, as Plaintiff has not gone beyond the pleadings to designate facts showing an issue for trial. Bias, 508 F.3d at 1218. As such, Plaintiff's allegation fails to demonstrate that no administrative action could have been ordered in response to the complaint. See Brown, 422 F.3d at 934.

Notably, Plaintiff has failed to respond to Defendants' motion for summary judgment. In doing so, Plaintiff fails to refute the evidence produced by Defendants that SRCI has a grievance review process, that Plaintiff is aware of it, and that the grievance review process could have resulted in some action ordered in response to his complaint. Therefore, the undisputed evidence demonstrates that Plaintiff failed to exhaust the administrative remedies available to him.

//
//
//
//
//

4 - OPINION & ORDER

CONCLUSION

Defendants' motion for summary judgment [21] is GRANTED.

IT IS SO ORDERED.

Dated this _____ day of ___Sept.___, 2014.

_____
MARCO A. HERNÁNDEZ
United States District Judge

5 - OPINION & ORDER